1
2
3
4
5

*Vanessa R. Waldref*
United States Attorney
Timothy M. Durkin
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

6

7
8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

9

10

11

12

13

14

15

| CRYSTAL L. GRAEBER,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT WAYNE FORTENBERRY,<br><br>Defendant. | **No.**<br><br>**NOTICE OF REMOVAL OF STATE COURT ACTION FOR INTERFERENCE WITH PREVAILING FEDERAL WORKPLACE INTERESTS**<br><br>***Notice: Clerk Action Required*** |
| --- | --- |

16

17

18

19

20

21

PLEASE TAKE NOTICE, the Defendant Robert W. Fortenberry, through statutory counsel, Vanessa R. Waldref, the U.S. Attorney (EDWA), and the undersigned Assistant U.S. Attorney, Timothy M. Durkin, hereby gives Notice of Removal of the Petitioner (Plaintiff) Crystal L. Graebner's Spokane County District Court civil suit to the U.S. District Court for the Eastern District of Washington, pursuant to 28 U.S.C. §§ 1446(a) and 1442(a).

22

23

24

25

26

27

The Plaintiff – Petitioner Ms. Graebner is a VA IT department employee at the VA's Spokane Grand-Manstaff Medical Center campus in Spokane. The Defendant - Respondent Mr. Fortenberry, is an Area Manager - Chief of Information Technology (IT) Operations, Veterans Administration (VA) Area Spokane-Walla Walla, Territory 2, Pacific District, the Office of Information and Technology (OIT), Development, Security, and Operations. Plaintiff alleges, at relevant times in her petition, that the

28

NOTICE OF REMOVAL - 1

Defendant was her supervisor, is a fellow VA employee, and that the events alleged therein arise from and relate to the parties federal (VA) workplace environment.

Notice of Removal is provided since the Petitioner's civil action, filed in Washington state's Spokane County District Court, alleges workplace harassment and her requested relief seeks the imposition of a restraining order against Mr. Fortenberry, the terms – conditions of which would interfere with and affect the VA's management of its federal workplace environment and the IT operations at the Manstaff – Grand Medical Center (VAMC). The requested order – judgment therefore will improperly interfere with and affect the management, operations and workplace environment interests of the U.S. Veterans Administration (VA).

A federal officer / official, or a person acting under the direction of a federal officer, is entitled to removal under 28 U.S.C. § 1442(a)(1) whenever a civil action or criminal prosecution is commenced against him/her "for or relating to any act under color of such office[.]" The "color of office" test is satisfied where there is a "causal connection" between the charged conduct and asserted official authority. *Willingham v. Morgan*, 395 U.S. 402, 409 (1969). Here, relevant allegations in Plaintiff's petition for a permanent anti-harassment order involve alleged acts that arise from and relate to the Petitioner's and Respondent's shared federal workplace. *Id. See e.g., Mesa v. California*, 489 U.S. 121, 129 (1989); *Poblete v. U.S. Marshals Service*, 253 F.Supp.3d 115, 117-118 (D.D.C. 2017) ("federal agencies are entitled to defend themselves in federal court ..."). Further, "[a]n action seeking a judgment that would interfere with the public administration or restrain the Government from acting constitutes a suit against the United States." *Mesa, id.; Kline v. Johns,* 2021 WL 3555734, *3 (N.D. CA 2021) (petition for antiharassment order against federal official properly removed to U.S. District Court). Thus, a *colorable federal defense* exists where the alleged harassment activity occurred at a federal agency and the United States (i.e., VA) has not waived its sovereign immunity to suit. *Id.*

NOTICE OF REMOVAL - 2

Therefore, this civil action is appropriate for removal under 28 U.S.C. § 1442(a)(1) since Plaintiff's petition involves allegations against a federal officer / employee, who *inter alia* is alleged to have been acting within his VA employment position at relevant times during the alleged unlawful conduct (harassment). Further, both the Petitioner and Defendant are employed with the VA and are employed at the Mann-Grandstaff VA Medical Center (VAMC) in Spokane. *Id.* Attached to this Notice is the separate Notice of Removal (sans attachments) that has been filed in the U.S. District Court in the Eastern District of Washington (USDC - EDWA).

As reflected in the Plaintiff - Petitioner Ms. Graebner's petition in support of a temporary restraining (anti-harassment) order, she has filed but has not exhausted a Title VII workplace harassment complaint against her former supervisor Mr. Fortenberry. The VA has original jurisdiction and administrative authority over workplace harassment and other employment discrimination claims. Further, any civil tort claims arising from Defendant's alleged workplace harassment have not been presented to or exhausted under the Federal Tort Claims Act (FTCA) (August 2, 1946, ch.646, Title IV, 60 Stat. 812, 28 U.S.C. Part VI, Chapter 171 and 28 U.S.C. § 1346.

Upon Defendant's filing of this Notice with the Clerk of the Spokane County District Court and service upon the parties, the Spokane County District Court is deprived of jurisdiction and will proceed no further with the Petitioner – Plaintiff's action. *See* 28 U.S.C. § 1442(a)(1); *Willingham Morgan*, 395 U.S. 402, 409 (1969)*;*

Wherefore, the grounds supporting removal of this action include but are not necessarily limited to the following:

1.    Plaintiff Ms. Graebner's state court civil action involves allegations against a federal officer / employee of the United States, who *inter alia* is alleged to have been acting within his VA employment position at relevant times in the petition. *See attached Petition for Temporary and Permanent Anti-Harassment Orde for Protection.,* Spokane County District Court Case No. 22721936; Copies of all

pleadings filed before the Spokane Co. District Court is attached as **Exhibit 1001.** *See also* Declaration of Timothy M. Durkin, Assistant U.S. Attorney, incorporated herein. The removal information provided - discussed principally comes from Petitioner's application – exhibits filed in Spokane Co. District Court in support of her request for an order of protection. *See e.g., Ex. 1001.*

2.    Both the Petitioner and Defendant are employed by the VA and both are employed at the Mann-Grandstaff VA Medical Center (VAMC) in Spokane. [

3.    The Plaintiff is suing her former supervisor Mr. Fortenberry for acts allegedly taken when he both was and was not her supervisor, and therefore Mr. Fortenberry was acting within the scope and color of his assigned federal duties as a Supervisor in the Spokane VAMC IT Section.  *See attached Petition and Docket Sheet.*

4.    A federal officer or a person acting under the direction of a federal officer, is entitled to removal under 28 U.S.C. § 1442(a)(1) whenever a civil or criminal action is commenced or prosecuted against the federal officer – employee "for or relating to any act under color of such office [.]" The "color of office" test is satisfied if there is a "causal connection" between the alleged conduct and the asserted official authority.  *Willingham v. Morgan*, 395 U.S. 402, 409 (1969).  *See also Complaint and AUSA Durkin's Declaration re: Scope of Employment.  Id.*

5.    Here, the causal connection is satisfied by both Plaintiff's and the respondent Mr. Fortenberry's alleged workplace relationship and their shared workplace environment at the VA's Medical Center in Spokane.  Therefore removal is appropriate and compelled by §1442(a)(1).

6.    Liberally interpreted, Plaintiff's petition alleges workplace harassment – discrimination by her supervisor. *Ex. 1*. Petitioner states in her petition that she has filed an EEO complaint regarding the same conduct as is alleged in the Protective Order, which relate to events occurring within the course of the parties' VA her employment. *Id.* Plaintiff also alludes to workplace complaints that is suggested are

currently under investigation. As this Court is aware, the management of the employees within the Department of Veterans Affairs is subject to a comprehensive set of federal laws, federal regulations, and policies procedures promulgated thereunder. Under Title VII, federal employees must comply with certain administrative procedures before instituting civil actions in United States district courts. *See* 42 U.S.C. § 2000e-16(c), *Johnson v. United States Treasury Dept.*, 27 F.3d 415,416 (9th Cir. 1994); *see also Vinieratos v. United States*, 939 F.2d 762, 767 (9th Cir. 1991) (exhaustion required prior to federal court action). The Equal Employment Opportunity Commission (EEOC), pursuant to its statutory authority, *see* 42 U.S.C. § 2000e-16(b), has established clear guidelines governing the processing of federal employees' discrimination claims at the administrative stage. 29 C.F.R. § 1614.101-110. Thus, Petitioner's exclusive workplace harassment – discrimination remedies are provided through Title VII and her current claims are therefore barred by defenses under federal law, including but not limited to Petitioner's failure to exhaust her administrative remedies and the VA's retained sovereign immunity. *Id.*

7.     Sovereign immunity shields the United States and its officers from suit unless an express congressional waiver of immunity applies. *Block v. N. Dakota,* 461 U.S. 273, 287 (1983); *FBI v. Superior Ct. of Cal.,* 507 F.Supp.2d 1082, 1092 (N.D. Cal 2007). Plaintiff's unchallenged statements in her petition arguably asserts one or more tort claims against the VA. The U.S. District Court has exclusive subject matter jurisdiction over actions falling within the parameter of the Federal Tort Claims Act (FTCA). *See* 28 U.S.C. §§ 2671-2680 (1946). To the extent a workplace tort claim is alleged, Plaintiff has not properly followed the required administrative claim process, which must be exhausted before any suit can be filed. *Id.* Further, the United States (VA) retains the defense of sovereign immunity for all claims where there is not an express, limited waiver of sovereign immunity. *Id.*

8.    The "Supremacy Clause was established to ensure that state courts do not 'retard, impede, burden or in any manner control" the execution of federal law." *Denson v. United States,* 574 F.3d 1318, 1347 (11th Cir. 2009) *(*citing *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316 (1819)). "[A]n officer of the United States cannot be held in violation of state law while simultaneously executing his duties as prescribed by federal law." *Johnson v. Maryland,* 254 U.S. 51, 56-57 (1920 (Holmes, J.)).

9.    The Petitioner's application for a Temporary Anti-Harassment Order for Protection was provided to undersigned counsel on May 4, 2022, and this Notice of Removal is being filed within 30 days of the receipt of a copy of the initial pleading setting forth the claim for relief. *See* 28 U.S.C. § 1446(b).

10.    Additionally, the Respondent Mr. Fortenberry absolutely denies the Petitioner's allegations in her application for an Anti-Harassment Order of Protection. and avers that her claim of *unlawful harassment* is both factually and legally frivolous.[1] Thus, Respondent and the United States also has defenses going directly to the merits of Petitioner's alleged *unlawful* harassment claims. *Id.*

---

1.   The Respondent VA supervisor Mr. Fortenberry absolutely denies the *unlawful harassment* allegations in Petitioner's application for protective order. *See Ex. 1 (attached).* Among other inaccuracies averred by Petitioner, Mr. Fortenberry did not personally take nor direct any photos of Petitioner and her immediate supervisor engaged in intimate act(s) of affection on a public Spokane street – sidewalk (i.e., photos of kiss – hug in front of residence). Importantly, the photos confirm that Petitioner and her immediate supervisor were engaged in an inappropriate, intimate workplace relationship, which relationship was *falsely denied existing* to VA mgmt. Further, Mr. Fortenberry did not improperly access any VA information system(s) to locate Petitioner's address. Further still, after the photos of Petitioner and her immediate supervisor engaging in public displays of affection were provided to Mr.

11.     Petitioner's action filed in Spokane County District Court is subject to removal to the United States District Court pursuant to 28 U.S.C. § 1442(a)(1). *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) ("[Courts] are to interpret section 1442 broadly in favor of removal."); *Nosie v. Ass'n of Flight Attendants—CWA, AFL-CIO*, 722 F. Supp. 2d 1181 (D. Hawaii 2010) (refusing to remand pro se complaint that clearly invoked federal jurisdiction).

12.     A copy of this Notice is being mailed / emailed to all adverse parties and is being filed with the Clerk of Walla Walla District Court.

WHEREFORE, Defendant hereby gives Notice of its Removal of this action from the Washington state's Superior Court in Yakima County to the United States District Court for the Eastern District of Washington, and that this action be placed on the docket of the U.S. District Court. Further, upon the filing of this Notice of Removal with the Clerk of the Yakima County Superior Court and service of this

---

Fortenberry, he lawfully (and attempted to confidentially) forward those photos to VA administrator(s) – supervisor(s) as part of on-going VA supervisory review and/or investigation of possible employee misconduct. Instead, as Petitioner alleges, the photos were disclosed – provided by her significant other supervisor.

Mr. Fortenberry's supervisory acts were and are lawful, and do not remotely constitute *unlawful* harassment under Washington law. RCW 10.14.021(1); *see* also *Burchell v. Thibault*, 74 Wn. App. 517, 521, 874 P.2d 196 (1994) (petitioner not direct target of respondent's acts). Respondent further avers that Petitioner's allegations are false and/or misleading, and that her action - claim of *unlawful harassment* is not supported by competent evidence, and is both factually and legally frivolous. *See e.g.,* CRLJ 11, applicable anti-harassment and other statutes. *See e.g.,* RCW 10.14.020(1); *see* also *Burchell v. Thibault*, *id.;* RCW 4.84.185 (frivolous action statute – providing for sanctions where civil action is advanced without reasonable cause), etc.

NOTICE OF REMOVAL - 7

Notice is provided to the parties, the Superior Court of Yakima County shall proceed no further in this action. *See* 28 U.S.C. § 1442(a)(1); *Willingham, id.*

Upon Defendant's filing of this Notice with the Clerk of the Spokane County District Court and service upon the parties, the Spokane County District Court is deprived of jurisdiction and will proceed no further with the Petitioner – Plaintiff's action. *See* 28 U.S.C. § 1442(a)(1); *Willingham Morgan*, 395 U.S. 402, 409 (1969). Any action taken by the State District Court, after the filing of this Notice of Removal, will be deemed *void ab initio. Id.*

RESPECTFULLY SUBMITTED on May 11, 2022.

*Vanessa R. Waldref*
United States Attorney (EDWA)

*/s/ Tim M. Durkin*
Timothy M. Durkin
Assistant United States Attorneys
Attorneys for the United States

NOTICE OF REMOVAL - 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

***Certificate of Service***

I hereby certify that on May 11, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| NAME & ADDRESS | Method of Delivery |
|---|---|
| Crystal Graebner<br>727 N. Lindeke St.<br>Spokane, WA 99201<br>Known email addresses:<br>crystalgraebner@gmail.com;<br>crystalg44@hotmail.com;<br>Crystal.Graebner@va.gov | ☐CM/ECF System<br>☒Electronic Mail<br>☒U.S. Mail<br>☐Other: _____ |

/s/ *Tim M. Durkin*
Timothy M. Durkin, AUSA

NOTICE OF REMOVAL - 9

Spokane County District Court - Report Generated: Wed May 11 2022 11:33:57 GMT-0700 (Pacific Daylight Time)

# DISTRICT COURT - HEARINGS/CASE INFORMATION FOR CASE: 22721936

## GRAEBER, CRYSTAL L; FORTENBERRY, ROBERT WAYNE

**Case:** 22721936
**Charges:** N/A
**Case Type:** Civil-DV
**File Date:** 04/29/2022
**Incident Number:** N/A
**Case Status:** Open
**LEA:** null
**Jurisdiction:** County of Spokane - Civil Dept.
**Court:** District Court

## HEARINGS

| Hearing Type | Date/Time | Location | Official Name | Status |
|---|---|---|---|---|
| Non Jury Trial - Anti Harassment | 05/12/2022 9:00 am | TBD: Ask Receptionist null | HAYES, DEBRA R | Scheduled |
| Ex Parte Hearing - Anti Harassment | 04/29/2022 1:30 pm | | MAURER, AIMEE N | Held |

| | |
|---|---|
| 2022-05-11 | /S/ SCSO |
| 2022-05-06 | EMAIL FROM THE RSP REQUESTING CONTINUANCE; INFORMED TO APPEAR |
| 2022-05-06 | AT HEARING AND WILL NOTE CASE FILE |
| 2022-05-06 | PROOF OF SERVICE FILED RESPONDENT SERVED 05/02/2022 @ 1:36 |
| 2022-05-06 | *RETURN OF SERVICE - SERVED DOC-SCANNED* |
| 2022-05-05 | 22125100145 ANTI HAR FILING Received 73.00Paid by: CRYSTAL BRAEBNER |
| 2022-04-29 | Case Filed on 04/29/2022 |
| 2022-04-29 | Cause of Action: Harassment |
| 2022-04-29 | PET 1 GRAEBER, CRYSTAL L Added as Participant |
| 2022-04-29 | RSP 1 FORTENBERRY, ROBERT WAYNE Added as Participant |
| 2022-04-29 | EXP AH Set for 04/29/2022 01:30 PM in Room H with Judge ANM |
| 2022-04-29 | *PET EXHIBITS A-SCANNED* |
| 2022-04-29 | *PETITION FOR PROTECTION ORDER-SCANNED* |
| 2022-04-29 | *QUESTIONNAIRE-SCANNED* |
| 2022-04-29 | *CONFIDENTIAL INFORMATION SCANNED* |
| 2022-04-29 | EXP AH: Held |
| 2022-04-29 | Proceedings Recorded on Tape No. AVCA-203 |
| 2022-04-29 | TEMPORARY ANTI-HARASSMENT ORDER FOR PROTECTION /S/ ANM |
| 2022-04-29 | Order created on 04/29/2022 TEMP ANTI-HARASSMENT entered by MAURER, AIMEE N expires on 05/13/2022 |
| 2022-04-29 | NJT AH Set for 05/12/2022 09:00 AM in Room H with Judge DRH |
| 2022-04-29 | *RETURN OF SERVICE - TO RECORDS-SCANNED* |
| 2022-04-29 | *TEMPORARY PROTECTION ORDER & NOTICE OF HEARING-SCANNED* |
| 2022-04-29 | C.C. PAYMENT FOR $73.00 FOR FILING FEE |

RESPONDENT'S EX. 1001 - SPOK. CO. DIST. CT. FILE - 1

**FILED**
April 29, 2022
SPOKANE COUNTY
DISTRICT COURT

## SPOKANE COUNTY DISTRICT COURT STATE OF WASHINGTON

Case Number: + <u>22721936</u>

CRYSTAL L GRAEBER                          80
Petitioner(s) (persons protected),      (DOB)

vs.

ROBERT WAYNE FORTENBERRY           60
Respondent (person restrained)        (DOB)

**Temporary <u>Anti-Harassment</u> Order for Protection**

Hearing Date, Time & Location:
<u>**May 12, 2022 at 9:00 AM**</u>
Judge Debra Hayes, Courtroom 6
Public Safety Building 2nd Floor
1100 W. Mallon, Spokane WA 99210-2352
Email: CivilProtectionOrder@spokanecounty.org

Hearings are available either via ZOOM or IN-PERSON.

Please contact the court to confirm your email address & receive Zoom link. 509-477-2953 or civilprotectionorder@spokanecounty.org

If choosing ZOOM, please connect/join the meeting by 9am and display your first and last name as your participant name..

**Respondent's Distinguishing Features:**

Caution: Access to weapons: ☐ yes ☐ no ☒ unknown

**Respondent Identifiers**

| Sex | Race | Hair |
|-----|------|------|
| Male | Caucasian | haircolor |
| **Height** | **Weight** | **Eyes** |
| 5 11 | 240 | HAZ |

## Hearing Preparation & Document Information:

Respondent may submit Declarations or Exhibits in response to this Petition. See Declaration forms at https://www.spokanecounty.org/3096/Civil-Protection-Order-Forms.

If you have any questions about how to respond you may contact the protection order court clerk at civilprotectionorder@spokanecounty.org. The court clerk cannot give you legal advice.

Any party submitting documents for consideration at hearing must submit **two identical copies to the Court** (one for the Court and the other will be provided by the Court clerk to the opposing party) and must keep a copy for themselves. The protection order court clerk will then contact the opposing party by telephone to advise them that there are documents to be picked up that pertain to

RESPONDENT'S EX. 1001 - SPOK. CO. DIST. CT. FILE - 2

the hearing.  ALL DOCUMENTS must be filed NO LATER THAN 4 DAYS prior to the hearing, depending on service.

**No more than 20 pages** of Declarations and Exhibits may be submitted by either party. Documents must be filed with the civil protection order clerk in the Broadway Centre Building 721 N. Jefferson Spokane Courtroom 202 any weekday BETWEEN 1:15 p.m. AND 3 p.m.  See the Court clerk any afternoon at this location for further information about document filing.

Hearings are conducted in person or via Zoom, please contact the protection order court clerk at civilprotectionorder@spokanecounty.org to request the zoom link.

The Court *finds* the Petition sets forth facts to support the following findings:

A. The court has jurisdiction over the parties and the subject matter.  The respondent will be served notice of his/her opportunity to be heard at the scheduled hearing.

B. An emergency exists to support issuing a **Temporary Protection Order** without prior notice to the Respondent based upon good cause shown that irreparable injury could result from unlawful acts of <u>Harassment</u>, if an order is not issued immediately.

C. The Petitioner appeared... (choose or free type, if unused cleanup will blank out)

E. The Respondent appeared...(choose or free type, if unused cleanup will blank out)

D. The relationship of the parties being:
The parties do not have a domestic relationship, are not related by blood or marriage, and have never resided together. Defined: <u>RCW 10.14</u> The relationship of the parties:
☒ Co-workers

## *HARASSMENT:*

Upon Review of the Petition for an Anti-Harassment Protection Order the Court Finds Petitioner has set

forth facts by a preponderance of the evidence that the Respondent has pursuant to RCW 10.14:

Engaged in a knowing and willful course of conduct,

- That was directed to a specific person,
- Which seriously alarms, annoy, harasses or is detrimental to such person, *and*
- Which serves no legitimate or lawful purpose

## IT IS THEREFORE ORDERED:

Respondent is directed to appear for the Protection Order Hearing and show cause why this Temporary Protection Order should not be made effective as a final Protection Order for a year (or more) and why the Court should not order the relief requested by Petitioner(s).

**Failure of Respondent to Appear at the Hearing May Result in the Court Granting All of the Relief Requested in the Petition.**

<u>RESPONDENT IS SOLELY RESPONSIBLE</u> FOR ABIDING BY ALL RESTRICTIONS PROTECTING PETITIONER(S) LISTED IN THIS ORDER. ONLY THE COURT CAN MODIFY THE RESTRICTIONS.

RESPONDENT'S EX. 1001 - SPOK. CO. DIST. CT. FILE - 3

1. Respondent is RESTRAINED from committing any acts of harassment against Petitioner(s), from harassing, following, keeping under physical or electronic surveillance, from using telephonic, audiovisual, or other electronic means to monitor the actions, location, or communication of Petitioner(s).

2. Respondent is RESTRAINED from coming near and from having any contact or conversation, in person or through others, by phone, mail, electronically, or by any means, directly or indirectly, except for contact by Respondent's lawyer or, *if authorized by the Court,* mailing or service of process of court documents.

3. Respondent is RESTRAINED from **cyber stalking** (as defined in RCW 9.61.260) Petitioner(s) by making an electronic communication to Petitioner(s) or a third party (or allowing previously posted communications to continue) that harasses, intimidates, torments or embarrasses the Petitioner(s) by using:
   - (a) lewd, lascivious, indecent, or obscene words, images, or language, or suggesting the commission of any lewd/lascivious act,
   - (b) making an electronic communication anonymously or repeatedly (whether or not a conversation occurs), or
   - (c) threatening to inflict injury on Petitioner(s), Petitioner(s) property or a family or household member.

4. Respondent is RESTRAINED from entering or being within <u>1000 FEET</u> **of any known location of** Petitioner(s). If parties are in the same location and Respondent cannot maintain the restrained distance, Respondent shall leave immediately with no conversation or contact with Petitioner(s), even if Respondent was there first. It is solely Respondent's responsibility to ensure that the restriction distance is maintained.

5. Respondent is RESTRAINED from entering or being within <u>500 FEET</u> of Petitioner(s) Residence:

| Residence Name    + | Residence Street Address | City/State/Zip |
|---|---|---|
| CRYSTAL L GRAEBER | 727 N Lindeke St | Spokane WA 99201 |

<u>EXPIRATION DATE OF TEMPORARY ORDER:</u>  This Temporary Protection Order is Effective today <u>Friday, April 29, 2022</u> Until Midnight fourteen days from today <u>Friday, May 13, 2022</u>

## *ANTI-HARASSMENT PROTECTION ORDER – Warnings to Respondent*

A violation of provisions 1 through 7 of this order with actual notice of its terms is a criminal offense under RCW 10.14 and will subject you to arrest. Willful disobedience of provisions of this order is a gross misdemeanor (RCW 10.14.170) and may also be contempt of court and subject you to penalties under RCW 7.21.

Pursuant to 18 U.S.C. § 2265, a court in any of the 50 states, the District of Columbia, Puerto Rico, any United States territory, and any tribal land within the United States shall accord full faith and credit to the order

RESPONDENT'S EX. 1001 - SPOK. CO. DIST. CT. FILE - 4

You Can Be Arrested even if the Person or Persons Who Obtained the Order Invite or Allow You to Violate the Order's Prohibitions.  You have the sole responsibility to avoid or refrain from violating the order's provisions.  Only the Court can change the order upon written application.

## RECORDS

It is further ordered that the Clerk of the Court shall forward a copy of this *Order,* and the Order to Surrender and Prohibit Weapons, on or before the next judicial day to: Spokane Police & Sheriff, where Petitioner(s) live, where the order shall be entered it in the state's computer-based criminal justice system used by law enforcement to list outstanding warrants.

## SERVICE

It is further ordered that the Clerk of the Court shall also forward a copy of this Order, and the Order to Surrender and Prohibit Weapons, on or before the next judicial day to:  Spokane Police & Sheriff, where Respondent lives, which shall personally serve Respondent with a copy of this order and promptly complete and return to this Court the Return of Service.

| DATED in Spokane County, WA on <u>April 29, 2022 2:47 PM</u> | *Aimee Maurer* |
| | |
| | Judge Aimee Maurer |

Rec'd copy via email

_____
Petitioner's Signature

_____
Respondent's Signature

_____
Counsel for Petitioner      WSBA#

_____
Counsel for Respondent      WSBA#

RESPONDENT'S EX. 1001 - SPOK. CO. DIST. CT. FILE - 5

| SPOKANE COUNTY DISTRICT COURT STATE OF WASHINGTON | | *FILED* |
|---|---|---|
| | | 2 2 7 2 1 9 3 6 PR 29 2022 |
| | | SPOKANE COUNTY DISTRICT COUR |
| | | Case Number: |
| Crystal Graebner | 1980 | Petition for an Order for Protection – |
| Petitioner (Protected Party) | Date of Birth | |
| | | ☑ Harassment                *(PTORAH)* |
| Petitioner Spouse (Protected Party) | Date of Birth | |
| | | Return Petitions M-F 1:15pm -3:15pm to - |
| v. | | Broadway Center Building 2nd Floor Rm 202 |
| | | 721 N Jefferson, Spokane WA 99260 |
| Robert Fortenberry | 1960 | |
| Respondent (Restrained Party) | Date of Birth | Message Only: (509) 477-2953 Court Clerk |

➢ This is a **Petition for an Order for Protection against Harassment**

I **BELIEVE**: *(check only the sections that apply)*

   ☑ I am a victim of **UNLAWFUL HARASSMENT**.

   ☐ _____ (name) is a victim of **UNLAWFUL HARASSMENT** and he/she is a minor under my care.

   The Respondent has engaged in a **knowing and willful course of conduct** of unlawful harassment (RCW 10.14.020 & .080) that is directed at the victim **and**:

   1. The course of conduct has **continuity of purpose**,
   2. It serves **no legitimate or lawful purpose** (does not include constitutionally protected activity),
   3. The conduct **seriously alarmed, annoyed, harassed or was detrimental** to me/the child, **and**
   4. Respondent's actions have caused **substantial emotional distress** to me or caused me to fear for the well-being of my child.

1. **How do victim and Respondent know each other?** Robert Fortenberry is my former Area manager

2. **Who is the Petitioner?**

   My name is (please print) Crystal L. Graebner I am the Petitioner.

   ☑ I am 18 or older and I am making this request on my own behalf.

   ☐ I am 16 or 17 and I am making this request on my own behalf.

   ☐ I am the parent or guardian of child/ren under age 18 and I am petitioning on their behalf:

RESPONDENT'S EX. 1001 - SPOK. CO. DIST. CT. FILE - 6

☐ I am not the parent or guardian, but the child/ren live/s with me; and I am petitioning on their behalf; and the Respondent is not a parent.

**MINOR(S) needing protection:** (only list children under the age of 18 years)

| Minor(s) name | DOB | Sex of Minor | Race of Minor | Minor's Relation to Petitioner: | Minor's Relation to Respondent: | Who Child Resides With: |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

3.  Is the Respondent 18 years of age or older?   ☑ Yes   ☐ No

District Court **CANNOT** hear cases where (see RCW 10.14.150 & RCW 7.92.050):

(a) Respondent is under eighteen years of age;

(b) The action involves title or possession of real property;

(c) Superior court exercised/is exercising jurisdiction over a proceeding involving the parties; or

(d) The action would interfere with Respondent's care, control, or custody of Respondent's minor child.

4.  **Where do the parties live?**

Petitioner lives in ___Spokane___ county.

Did Petitioner(s) leave their residence because of stalking conduct and that is the county of their new residence?   ☐ Yes   ☑ No

Children named above live in _____ county.

Respondent lives in _____ county.

5.  **Where did the conduct take place?**

The conduct took place in ___Spokane___ county.

## STATEMENT DESCRIBING NEED FOR PROTECTION FROM RESPONDENT:

*Write clearly. If you need more space below, attach additional page/s. Do not write on the back.*

6.  Describe what the Respondent did or said that you think is harassment.

- You *must* describe what the Respondent **actually said** *and* any response from you/child.
- Specify how the Respondent made the statements. For example: in person, mail/written notes, e-mail, text, messenger, phone, through social media (such as Facebook/Twitter.)
- You *must* describe what the Respondent **actually did** *and* any response from you/child.

RESPONDENT'S EX. 1001 - SPOK. CO. DIST. CT. FILE - 7

A. Describe the **MOST RECENT** incident of harassment by Respondent.

Date and time (on or around): 3/18/2022 0730 *(list only MOST RECENT incident in this section.)*

Location: 727 N. Lindeke St. Spokane, WA 99201

What did the Respondent *do or say in this MOST RECENT incident* that you believe to be harassing behavior **directed at you/minors**?

Robert Fortenberry was removed as Area Manager on 3/20 3/7/2022 for a substantiated Hostile work environment filed by Wayne Howey. On 3/18/2022 Robert Fortenberry either was at my house or had some stalk me to take pictures of me and Wayne howey. Robert Fortenberry either followed me or obtained my address illegally by access my records at work. Robert Fortes Fortenberry, Wayne Howey, and I all work for Mann-Grandstaff Va medical Center for the OI+T Department.

Robert Fortenberry email pictures of Wayne Howey and I Kissing, my cross streets where I live and both of our vehicles and licenses plates. He emailed them to the Acting Area Manager to retaliate against against Wayne Howey and I.

Since these pictures where taking without my consent and shared without my consent this is harrasment. Also since there was an Intimate photo obtain that is Sexual Harrasment. These pictures were emailed on 3/21/2022

RESPONDENT'S EX. 1001 - SPOK. CO. DIST. CT. FILE - 8

**B.** Describe another incident of harassment by Respondent.

Date and time: 4/4/2022 1330 Location: Phone / Internet

What did the Respondent *do or say in this incident* that you believe to be harassing behavior?

I was on leave and got a phone call that
Robert Fortenberry checked my records
and notice I did not place leave in the
leave portal. He was looking at my
records without anyones permission.
This again was a retaliatory action to
emotionally & finacially hurt me to get
me fired.

I have filed a report at work and
I have started a new EEO complaint
against him for these actions.

**C.** Describe **another incident** of harassment by Respondent.

Date and time: _____ Location: _____

What did the Respondent *do or say in this incident* that you believe to be harassing behavior?

_____

_____

_____

_____

_____

_____

_____

RESPONDENT'S EX. 1001 — SPOK. CO. DIST. CT. FILE - 9

_____

_____

_____

_____

_____

_____

_____

**D.** Describe another incident of harassment by Respondent.

Date and time: _____ Location: _____

What did the Respondent *do or say in this incident* that you believe to be harassing behavior?

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*Add additional pages if necessary for additional incidents – follow same format*

7.  How did the incidents you describe above make you/minor feel?

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

8.  Has Respondent used, displayed, or threatened to use a firearm or other dangerous weapon in a felony or in any of the incidents described above? *Please describe:*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

9.  Has Respondent previously committed an offense that makes him/her ineligible to possess a firearm (RCW 9.41.040)? *Please describe:*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

10. Does possession of a firearm or other dangerous weapon by the Respondent present a **serious and imminent threat** to public health or safety, or to the health or safety of a victim? *Please describe:*

_____

_____

_____

_____

_____

_____

_____

_____

11. Do you believe the Court should order Respondent to surrender firearms/dangerous weapons?
    ☑ No        ☐ Yes.  If yes, you **must state your reasons for this request:**

_____

_____

_____

12. Do you have any **evidence** of the harassment conduct other than testimony?
    ☐ No

    ☑ Yes. I have attached the following evidence *and* indicated what incident it supports:

    ☐ Copy of mail or written notes

    ☐ Copy of text messages

    ☑ Copy of email messages

    ☐ Copy of social media messages

    ☐ Police report

    ☐ Declaration or Affidavit from the following witness(s): _____

    ☑ Other *(list below the name of each document/exhibit you are attaching/submitting)*

    email with photos that were taken + another email
    Stating who sent them and on what day they were
    Sent

13. Has/have the **victim/s or the Respondent** ever requested or obtained protection from the other person in a **restraining order, civil protection order, or had a criminal No Contact Order**?

    ☑ No      ☐ Yes. If yes, list the type of order, the name of the court, the approximate date, who was the protected party and whether the request was granted:

14. Are there any other cases or litigation between the victim/s and Respondent? List all matters - pending or past - such as parenting plans, landlord-tenant disputes, employment disputes, or property disputes. If yes, provide case number/s if known, type of case, and name of court:

I have in the process a Sexaul Harrasment EEO complaint for the intimate picture that was emailed. Through my place of employement

## ➢ My Requests for Protection:

15. I ask the Court for an order approving the following protection after a hearing:

I Request a hearing and an Order for Protection that will:

☑ Restrain the Respondent from making any attempts or having any contact, including nonphysical contact, with the person/s to be protected, directly, indirectly, or through third parties (regardless of whether those third parties know of the order), except for mailing of court documents by a lawyer.

☑ Surveillance: prohibit or restrain the Respondent from making any attempt to keep or from following or keeping the person/s to be protected under surveillance, including electronic surveillance.

☑ Prohibit or restrain the Respondent from knowingly entering, coming within or remaining within _____100_____ (distance) of ANY KNOWN LOCATION of Petitioner(s).

☑ Prohibit or restrain the Respondent from knowingly entering, coming within or remaining within

_____100_____ (distance) of Petitioner(s) RESIDENCE (current & future).
727 N. Lindeke St Spokano, WA 99201 _____ (list address)

☑ Prohibit or restrain the Respondent from knowingly entering, coming within or remaining within

_____100_____ (distance) of Petitioner(s) WORKPLACE (current & future):
4815 N. Assembly St Spokane, WA 99205 _____ (list address)

☐ Prohibit or restrain the Respondent from knowingly entering, coming within or remaining within

_____ (distance) of Petitioner(s) SCHOOL/DAYCARE (current & future):

_____ (list address)

☐ **Prohibit** or **restrain** the Respondent from knowingly entering, coming within or remaining within

_____ (distance) of **OTHER LOCATIONS:** (state why you need protection at each

location) _____

_____

_____

☐ **Surrender Firearms:** Require the Respondent to surrender any firearm or other dangerous weapon, or any concealed pistol license and prohibit Respondent from obtaining or possessing a firearm or other dangerous weapon, or a concealed pistol license for the reasons stated in **Section 11.**

☐ **Duration:** I am requesting the protection remain in place for _____ (time period)

If you are requesting the protection remain in place for **longer than one year** because Respondent is likely to resume acts of unlawful harassment conduct if the order expires in a year, then you **must** explain why you believe this is necessary:

_____

_____

_____

_____

_____

☑ Respondent be ordered to Pay Filing Fees and Attorney Fees if I am successful in this action:

☑ Require Respondent to reimburse me for the $73 Harassment Petition filing fee.
☑ Require Respondent to reimburse me for attorney fees/costs.

## Request for immediate EMERGENCY TEMPORARY PROTECTION:

(Up to 14 days - until the hearing)

☐ An **emergency exists** as described below. I request that a **Temporary Protection Order** granting the relief I requested above without prior notice to Respondent, to be effective until the hearing because irreparable harm or injury will occur without immediate protection.

You **MUST** explain **WHAT IRREPARABLE HARM OR INJURY** would occur without a temporary

order:

_____

☐ I also request a **temporary surrender of a firearm or other dangerous weapon** without notice to the other party because irreparable injury could result if an order is not issued until the hearing.

You **MUST** explain what **IRREPARABLE HARM OR INJURY** would occur without temporary gun restrictions:

_____

_____

_____

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

_____     _____
Petitioner's Signature                                              Petitioner's Signature

_____     _____
Counsel for Petitioner(s)     WSBA#

Name: _____   Case #: ___2 2 7 2 1 9 3 6___

# Firearm Identification Worksheet

1. Does the respondent own or have access to firearm(s)?   Yes☐  No☐  Unknown☑

2. Has the respondent used the firearm to threaten or intimidate you?  Yes☐  No☑
   **\*\*Please describe this threat on Page 5 of 7 of the Petition for Order of Protection**
   - When did they last threaten you with it?_____
   - Did you report the incident to the police?  Yes☐  No☐
   - Which Law Enforcement Agency?_____

3. When was the last time you saw the firearm(s)?_____

4. Where does the respondent keeps the firearm(s)?

   ☐On His/Her Person ☐In their Car ☐In their Home ☐Storage Unit ☐In a Safe

5. What does the respondent generally use the firearm for? (Circle all that apply)

   ☐Hunting ☐Collecting ☐Target Shooting ☐Protection ☐Other:_____

6. Does the respondent possess explosives?  Yes    No    Unknown

If you recognize any of the guns below as similar to the one(s) the respondent has, **please circle it and write in the circle how many you think they have.**

---

**Semi-automatic Handgun**          **Revolver**          **Shotgun**

Number of:          Number of:          Number of:

**Rifle**                                **Semi-automatic Rifle**

Number of:                              Number of:

Signed:_____  Dated: _4/29/2022_

\*Statement must be completed on Page 5 of 7 of the Petition for Order for Protection.

 **Gmail**

Crystal G <crystalgraebner@gmail.com>

## Fwd: Pictures
1 message

**Graebner, Crystal L. (SPO) (OIT)** <Crystal.Graebner@va.gov>                Tue, Apr 26, 2022 at 2:21 PM
To: Crystal G <crystalgraebner@gmail.com>, Crystal Graebner <crystalg44@hotmail.com>

Get

**From:** Howey, Wayne S. (SPO) (OIT) <Wayne.Howey@va.gov>
**Sent:** Tuesday, April 26, 2022 2:17:40 PM
**To:** Graebner, Crystal L. (SPO) (OIT) <Crystal.Graebner@va.gov>
**Subject:** FW: Pictures

Wayne Howey

Supervisor, IT Operations

Spokane-Walla Walla Area, Territory 2, Pacific District

End User Operations (EUO)

IT Operations and Services (ITOPS), Office of Information and Technology (OIT)

Office: (509) 434-7454 (M-F, 7:30am-4pm, PT)

GFE Mobile: (509) 828-3855

**From:** Horner, James A <                              >
**Sent:** Tuesday, April 26, 2022 2:17 PM
**To:** Howey, Wayne S. (SPO) (OIT) <                           >
**Subject:** RE: Pictures

OGC has authorized me to tell you that Mr. Fortenberry shared those pictures on March 21, 2022.

James A. Horner

Director of Operations, Territory 2, Pacific District

Office of Information and Technology (OIT), Development, Security, and Operations (DevSecOps)

End User Operations (EUO)

100% REMOTE, OR

2 2 7 2 1 9 3 6

**Petitioner's Exhibits** A

RESPONDENT'S EX. 1001 - SPOK. CO. DIST. CT. FILE - 18

Office: (360) 750-5350 M-F 7:00 am – 3:30 pm PT

GFE Mobile: (503) 756-9546

Fixed Today; Open on Time; Ready Day One; How Can I Help?; Solve for Yes


**From:** Howey, Wayne S. (SPO) (OIT) <                              >
**Sent:** Tuesday, April 26, 2022 12:30 PM
**To:** Horner, James A <                                   >
**Subject:** Pictures


Sir, my attorney is asking me to double check/verify that Mr. Fortenberry is the one who sent you those pictures of Crystal and I. Would you be willing to verify that please?

Thank you,


Wayne Howey

Supervisor, IT Operations

Spokane-Walla Walla Area, Territory 2, Pacific District

End User Operations (EUO)

IT Operations and Services (ITOPS), Office of Information and Technology (OIT)

Office: (509) 434-7454 (M-F, 7:30am-4pm, PT)

GFE Mobile: (509) 828-3855

RESPONDENT'S EX. 1001 - SPOK. CO. DIST. CT. FILE - 19



RESPONDENT'S EX. 1001 - SPOK. CO. DIST. CT. FILE - 20

# SPOKANE COUNTY DISTRICT COURT
## JURISDICTION QUESTIONNAIRE

CASE NUMBER 2 2 7 2 1 9 3 6

## VENUE

- Do you reside in Spokane County?    ☑ Yes    ☐ No
- Have you left another county to avoid domestic abuse?    ☐ Yes    ☑ No

1. Does the Respondent (person you want protection from) live with you?
   ☐ Yes - You must file in Superior Court
   ☑ No - Continue to the next question

2. Would the order interfere with the Respondent's care, custody, or control of his/her minor children?
   ☐ Yes - You must file in Superior Court
   ☑ No - Continue to the next question

3. If you are seeking protection for a child, is the Respondent the biological or adoptive parent or the child's legal guardian?
   ☐ Yes - You must file in Superior Court
   ☑ No - Continue to the next question

4. Are you and the Respondent involved in any Superior Court Case?
   ☐ Yes - You must file in Superior Court
   ☑ No - Continue to the next question

5. Are you or the Respondent under the age of 18 and filing for an Anti-Harassment or Stalking Protection Order?
   ☐ Yes - You must file in Superior Court
   ☑ No - Continue to the next question

6. Are you or the Respondent under the age of 16 and filing for a Domestic Violence or Sexual Assault Protection Order?
   ☐ Yes - You must file in Superior Court
   ☑ No - Continue to the next question

7. Are there any other <u>active or pending</u> restraining orders involving you and the Respondent in any other Court, including criminal No Contact Orders?
   ☐ Yes - Which Court(s)? _____
   ☑ No - Continue to the next question

8. Are you seeking protection for another person who is a Vulnerable Adult?
   ☐ Yes - You must file in Superior Court
   ☑ No - You may file in District Court

Signature: _____    Date: 4/29/2022

Reviewed by: _____    Date: _____

*Jurisdiction Questionnaire – All types*
*Rev: 10/2021*

| SPOKANE COUNTY DISTRICT COURT STATE OF WASHINGTON | Case Number: <u>22721936</u> |
|---|---|

**SPOKANE COUNTY DISTRICT COURT**
**STATE OF WASHINGTON**

Case Number: <u>22721936</u>

CRYSTAL L GRAEBER _____ 80
Petitioner(s) (persons protected),          (DOB)
                    vs.

ROBERT WAYNE FORTENBERRY
Respondent (person restrained)              )0
                                          (DOB)

**Proof of Service**
(RTS)

**Proof of Service**

*Server declares:*

1.    My name is_____. I am 18 or older.
       I am ☐ a peace officer ☐ **not a party to this case.**

2.    **Able to Serve:**

      ☐ **Personal Service:** I served the court documents checked in section 4 for this case
         to *(name of party)* _____
         on *(date)*_____at *(time)* _____
         by giving the documents directly to them at this address:

         _____.

      ☐ **Electronic Service:**

> **Important!** *Do not use electronic service if your case involves the surrender of firearms, transfer of child custody, removing respondent from the parties' shared residence, or an incarcerated respondent.*

      I served the court documents checked in section 4 for this case to
      *(name of party)* _____
      on *(date)*_____at *(time)*_____via

      ☐ email ☐ text ☐ social media applications ☐ other technology

      At the following email address/s, phone number/s, social media application and user
         name, or other address:_____.

      ☐ I received a read receipt or other reply from the receiving party (*describe or
      attach):*_____.

Laws of 2021, ch. 215, § 18          Proof of Service
Mandatory (07/2021)                      **p. 1 of 3**
**PO 004**

RESPONDENT'S EX. 1001 - SPOK. CO. DIST. CT. FILE - 22

☐ **Service by Mail:** I served the court documents checked in section 4 for this case to (*name of party*) _____
on (*date*)_____at (*time*)_____.
I sent **2** copies of the documents, postage prepaid: one by ordinary, first-class mail and one by other mail with certified or tracking information (*attach receipts*). I sent the mail to this/these address/es:_____.

3.   **Not Able to Serve**:

☐   I was unable to make personal service on (*name of party*)_____.
I notified the serving party that service was not successful. Personal service was attempted on the following date/s_____.

☐   Electronic service was attempted at the following address/es but it bounced back or was undeliverable_____.

☐   I did not mail court documents to (*name of party*) _____
because I do not know the party's last known address.

4.   **List of Documents**:

> *Important! You must check or write in the title of **every** document that you served. Use the "Other Documents" box to write in the title of any document not already listed.*

I served the following documents (*check all that apply*):

| *New Domestic Violence Petition:* | *New Vulnerable Adult Petition:* |
|---|---|
| ☐ Petition for Order for Protection | ☐ Petition for a Vulnerable Adult Order for Protection |
| ☐ Temporary Order for Protection and Notice of Hearing | ☐ Temporary Order for Protection and Notice of Hearing |
| ☐ Reissuance of Temporary Order for Protection and Notice of Hearing | ☐ Reissuance of Temporary Order for Protection and Notice of Hearing |
| ☐ Order to Surrender Weapons (issued without notice) and Notice of Hearing | ☐ Order to Surrender Weapons (issued without notice) and Notice of Hearing |
| ☐ Order Transferring Domestic Violence Case and Setting Hearing | ☐ Notice to Vulnerable Adult |
| ☐ Declaration/s of: _____ | ☐ Declaration/s of: _____ |
| ☐ Denial Order | ☐ Denial Order |
| *New Sexual Assault Petition:* | *New Harassment and/or Stalking Petition:* |
| ☐ Petition for a Sexual Assault Protection Order | ☒ Petition for Order for Protection – Harassment and/or Stalking Respondent Under Age 18 |
| ☐ Temporary Sexual Assault Protection Order and Notice of Hearing | ☒ Temporary Order for Protection and Notice of Hearing ☐ Respondent Under Age 18 |
| ☐ Reissuance of Temporary Sexual Assault Protection Order and Notice of Hearing | ☐ Order to Surrender Weapons (issued without notice) and Notice of Hearing |
| ☐ Order to Surrender Weapons (issued without notice) and Notice of Hearing | ☐ Declaration/s of: _____ |
| ☐ Declaration/s of: _____ | ☐ Denial Order |
| ☐ Denial Order | |

Laws of 2021, ch. 215, § 18                    Proof of Service
Mandatory (07/2021)                              p. 2 of 3
**PO 004**

RESPONDENT'S EX. 1001 - SPOK. CO. DIST. CT. FILE - 23

| *After a Full Hearing:* | *Renewals:* |
|---|---|
| ☐ Order for Protection | ☐ Petition for Renewal of Order for Protection and Notice of Hearing |
| ☐ Sexual Assault Protection Order | ☐ Order Setting Hearing on Renewal |
| ☐ Order for Protection – Vulnerable Adult | ☐ and Extending Order until Hearing |
| ☐ Order for Protection – Harassment | ☐ Ex Parte Temporary Order for Renewal of Order for Protection and Notice of Hearing |
| ☐ Respondent Under Age 18 | ☐ Order for Renewal of Order for Protection |
| ☐ Order for Protection – Stalking | ☐ Motion and Declaration for Renewal of Sexual Assault Protection Order |
| ☐ Respondent Under Age 18 | ☐ Order Setting Hearing – Sexual Assault |
| ☐ Order to Surrender Weapons | ☐ Order on Motion for Renewal of Sexual Assault Protection Order |
| ☐ Order Realigning Parties and Notice of Hearing | |

| *Motions:* | *After a Motion Hearing:* |
|---|---|
| ☐ Motion to Modify/Terminate Order for Protection | ☐ Order Modifying/Terminating Order for Protection |
| ☐ Motion for Surrender of Weapons | ☐ Order to Surrender Weapons |
| ☐ Notice of Hearing | |
| ☐ Motion to Realign Parties | |

*Other Documents:*

☐ _____

☐ _____

☐ _____

☐ _____

**5.** **Fees Charged for Service:**

☐ Does not apply.

☐ Fees: $_____ + Mileage $_____ = Total: $_____

**6.** **Other:** _____

_____

_____.

I declare under penalty of perjury under the laws of the state of Washington that the statements on this form are true.

Signed at *(city and state):*_____    Date: _____

▶

_____    _____
*Signature of server*                     *Print or type name of server*

                                          _____
                                          *Law Enforcement Agency (if any)*

Laws of 2021, ch. 215, § 18          Proof of Service
Mandatory (07/2021)                  p. 3 of 3
PO 004

RESPONDENT'S EX. 1001 - SPOK. CO. DIST. CT. FILE - 24